IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES W. VAUGHN,

        Plaintiff,

vs.                                 CIVIL NO.   01-790 LFG/WWD

JACK POTTER, Postmaster General,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on the Motion by Plaintiff for Appointment of Counsel [Doc. 2].  No response to this motion is necessary.  A motion of this nature is directed to the Court's sound discretion and the Court's decision must be based on a reasoned application of sound prescripts.  Jenkins v. Chemical Bank, 721 F.2d 876 (2d Cir. 1983).

There exists neither a constitutional nor statutory right to court-appointed counsel in employment discrimination cases.  Poindexter v. FBI, 737 F.2d 1173 (D.C. Cir. 1984); Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982).  The Court notes, however, that Congress has evidenced a decided preference for legal representation in employment discrimination cases.  H.R. Rep. No. 238, 92 Cong., 1st Session 12 (1972), *reprinted* in 1972, U.S. Code Cong. and Ad. News, 2137, 2148.  *See also*, Caston v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir. 1977).

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, provides that a court may, in the exercise of its broad discretion, appoint counsel for a plaintiff.  Castner v. Colo. Springs Cablevision, 979 F.2d 1417 (10th Cir. 1992).  However, the Court is also mindful that Congress has not provided

any mechanism, process or funds to pay appointed counsel.  Thus, the Court not only considers the benefits of having a represented plaintiff, but also the hardship imposed on an attorney who is appointed to serve without remuneration or compensation.  Additionally, given the fact that the plaintiff is indigent, appointed counsel would have no funds to assist in the investigation of the claims, conduct formal discovery, retain experts, pay witness fees, or to defray the costs of litigation.

The <u>Castner</u> case requires a court to consider numerous factors in determining whether counsel should be appointed.  Here, Plaintiff, James W. Vaughn ("Vaughn"), has demonstrated a financial inability to pay counsel by virtue of his indigency [Doc. 3].  However, he offers no evidence whatsoever that he has sought private counsel.  Thus, there is not even a minimal showing of diligence.  Vaughn has not disclosed what efforts he made to secure counsel, or how many attorneys have reviewed his claims and denied representation.  Vaughn has not given any reason why counsel declined to accept the case.  For example, it is one thing for an attorney to indicate that the claim is meritorious, but declines the case because the attorney requires a retainer to undertake the case and a plaintiff has no funds for a retainer; it is quite another thing for an attorney to reject the claim because she or he feels it has no merit.  Additionally, Vaughn fails to disclose whether he sought assistance from publicly funded programs that provide free legal services to those w ho meet eligibility requirements or from the *pro bono* legal services program offered through the State Bar of New Mexico.  Thus, Vaughn has simply failed to demonstrate diligence in his attempts to secure counsel.

Additionally, there are significant questions concerning the merits of the claims and whether Vaughn has administratively exhausted his remedies.  If, for example, remedies have not been exhausted, Vaughn's claims, even if meritorious, could not be presented.

2

Based on the foregoing, the Court does not deem it necessary to comment on each of the Castner v. Colo. Springs Cablevision factors, as Vaughn has failed to submit sufficient information from which the Court can make an appropriate determination. However, based on the balancing test referred to previously, the Court determines that the hardship imposed on an attorney appointed by the Court without compensation outweighs Vaughn's need to have counsel in this case. Accordingly, Vaughn's request for Court-appointed counsel is denied.

Vaughn may renew his request and provide the Court with information on the Castner factors. In such event, the Court will entertain a new motion for the appointment of counsel.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

3